BUFFALO AND HAMBURGH TURNPIKE COMPANY, appellant, v. THE CITY OF BUFFALO.

*Municipal corporations — liable for torts and for negligence.*

The common council of the city of Buffalo ordered the moving of one end of a bridge belonging to a turnpike company, in order to have it conform to certain street improvements, and employed contractors to do the work of removal under the superintendance of the city surveyor. The contractors employed one S. to superintend such removal. The work was negligently performed, whereby the bridge fell and was destroyed.

*Held,* that the city was liable for the destruction of the bridge, and this whether the city had a lawful right to attempt its removal or not. The city, if it had no lawful right, was a trespasser and liable as such for the illegal acts of its officers. If it had lawful power to do the act it was bound to do it in a careful and skillful manner, and was liable for the negligence of its agents.

APPEAL from a judgment in favor of the plaintiff for $5,000.85 damages and costs, entered upon the report of a referee.

The action was commenced for damages caused by the destruction of the plaintiff's toll-bridge over Buffalo creek, on Ohio street, in the city of Buffalo, on the 12th day of March, 1865.

The complaint contained two counts; one alleging the wrongful entry by the defendant on the said bridge, and the wrongful destruction thereof by it; the other alleging an attempted removal of the bridge by the defendant, and its destruction by reason of the defendant's carelessness in making such removal. The answer was a general denial.

The action was tried before Hon. Nathan K. Hall, referee, who found the following material facts:

The plaintiff is a corporation and the owner of a turnpike road, and was owner of the bridge mentioned at the time of the falling and destruction thereof. The common council of Buffalo having, under the authority of the city charter, widened the Buffalo creek, over which said bridge was built, near the northerly end of the bridge, by making another or further channel for the passage of vessels, determined to construct a bridge over such other channel. The city surveyor prepared plans for the construction of the proposed bridge, which plans involved the moving of the north end of plaintiff's bridge a few feet westwardly from its position. The plans

were accepted and a contract entered into, in pursuance of the directions of the common council, with two contractors by the names of Gallagher and Clark for the construction of the proposed bridge and for the change of the position of plaintiff's bridge. The contract provided that the work should be done under the general direction and superintendance of the city surveyor.

Gallagher and Clark employed, as their foreman in the performance of the work of moving plaintiff's bridge, one Swartz. Through the negligence of those engaged in moving the bridge, in not properly staying and bracing it, it was broken down and substantially destroyed. The plaintiff presented his claim for damages to the common council, and a reasonable time thereafter brought this action against the city.

The referee found, as a conclusion of law, that the defendant had no lawful right or authority to remove or attempt to remove plaintiff's bridge, or to change the line or position thereof.

*David F. Day*, for appellant. The act of the defendant changing the position of plaintiff's bridge was lawful. Laws of 1848, chap. 198, § 1; Dillon on Municipal Corporations, 740 note; *Benjamin* v. *Wheeler*, 5 Gray, 409; *Mayor, etc.*, v. *Randolph*, 4 Watts & S. 514; *Chatfield* v. *Wilson*, 38 Vt. 49.

The common council, if it had no legal authority to order the removal of plaintiff's bridge, could not render the city liable for such removal. That act being tortious the responsibility therefor must fall on the persons performing the act, and not on the defendant. *Delafield* v. *State of Illinois*, 26 Wend. 192; *Dartmouth College* v. *Woodward*, 4 Wheat. 636; *Abenwroth* v. *Greenwich*, 29 Conn. 363; *Booth* v. *Woodbury*, 32 id. 254; *Morey* v. *Town of Newfane*, 8 Barb. 645; *Hodges* v. *City of Buffalo*, 2 Denio, 110; Sherm. & Redf. on Negligence, 169; *Hanvey* v. *City of Rochester*, 35 Barb. 177; *Lee* v. *Village of Sandy Hill*, 40 N. Y. 442; *Thayer* v. *City of Boston*, 19 Pick. 516; *Howell* v. *City of Buffalo*, 15 N. Y. 512; *Boom* v. *City of Utica*, 2 Barb. 104; *Conrad* v. *Trustees of Ithaca*, 16 N. Y. 158; *West* v. *Trustees of Brockport*, id. 161; *Storrs* v. *City of Utica*, 17 id. 104; *Mayor of Albany* v. *Cunliff*, 2 id. 165; *Anthony* v. *Adams*, 1 Metc. 284; *Boyland* v. *Mayor of New York*, 1 Sandf. 27; *Swift* v. *City of Williamsburgh*, 24 Barb. 427.

The contractors with the city sublet the work of moving the bridge to Swartz. Defendant was not liable for the negligence of

the sub-contractor, even if it would have been for that of the contractor. The rule *respondeat superior* does not apply. *Blake* v. *Ferris*, 5 N. Y. 49; *Pack* v. *Mayor of New York*, 8 id. 223; Dillon on Municipal Corporations, 723

*Sherman S. Rogers,* for respondent. A municipal corporation may be held liable in an action of trespass. *Lee* v. *Village of Sandy Hill,* 40 N. Y. 442.

The act complained of being ordered by the common council was the direct act of the city itself. *Goodspeed* v. *East Haddam Bank,* 22 Conn. 540; *Hickock* v. *Trustees of Plattsburg,* 16 N. Y. 161; *Conrad* v. *Trustees of Ithaca,* id. 158.

Corporations are liable in actions of tort. Ang. & Ames on Corporations, §§ 310, 311, 382–389; *P. W. & B. R. R. Co.* v. *Quigley,* 21 How. (U. S.) 209; *C. H. & S. H. Turnpike Co.* v. *Rutter,* 4 Serg. & R. 17; *Whitfield* v. *S. E. Railway Co.,* 1 El. B. & E. 115. The city was liable for the acts of its contractors. *City of Detroit* v. *Cary,* 9 Mich. 165; Sherman & Redf. on Negligence, §§ 84, 89.

E. D. SMITH, J. The learned referee by whom this cause was tried found, as matter of fact, that "the plaintiff's bridge was thrown down, broken and substantially destroyed by and through the neglect of the contractors employed by the city, and the city surveyor properly to stay and brace the same, and otherwise properly prepare for the removal thereof, and by and through their negligence and want of skill and care in such attempted removal and change of the said plaintiff's said bridge, by means whereof the plaintiff was damaged to a large amount."

The referee also found, as a conclusion of law, that the defendant had no lawful right or authority to remove, or attempt to remove, said bridge, or to change the line or position thereof.

Whether the referee was correct or not in his conclusion of law upon the facts found by him, it seems to me is quite immaterial. If he was correct in his conclusion of law, the defendant was a trespasser in the removal of said bridge, and the action was sustainable on that ground. The case of *Lee* v. *Village of Sandy Hill,* 40 N. Y. 451, was an action of trespass.

The defendant in that case, through the action of its trustees, directed an overseer of highway to remove the plaintiff's fence, claiming and asserting that such fence was in the highway, and

the said overseer, in pursuance of such orders, proceeded to remove such fence, and committed the acts of trespass complained of. Judge MASON, in his opinion, which was the opinion of the court, said: "The doctrine is too well settled in this court to admit of discussion, that municipal corporations are liable in trespass for the illegal acts of its officers," and cited numerous cases in support of the proposition.

In applying the rule to municipal corporations universally held in respect to private corporations, the learned judge, following the case of *Thayer* v. *City of Boston*, 10 Pick. 516, said that it must appear that the act was done in good faith, and in pursuance of a general authority in relation to the subject-matter. The fact that it was done in good faith is not disputed, but admitted in this case, and the act must fairly also, I think, be, as it was in that case, within the scope of the general power committed to the city government in its control over streets, alleys, highways, cross-walks and bridges, and canals and creeks, by the general provisions in the city charter.

But if the acts of the city authorities are not tortious or unlawful, the recovery is nevertheless right upon the facts found by the referee.

If the city had lawful power and authority to remove said bridge, it was bound to do it in a careful and skillful manner, so as to do the plaintiff no unnecessary damages or injury, and is liable for the negligence of its agents within the cases of *Rochester White Lead Co.* v. *City of Rochester*, 3 N. Y. 463; *West* v. *Trustees of Brockport*, 16 id. 461; *Conrad* v. *Trustees of Ithaca*, id. 162, and numerous other cases.

The argument of the defendant's counsel that so far as the action is an action of negligence it is not sustainable upon the facts, is not properly addressed to us upon this appeal. The appeal brings up nothing but the exceptions taken to the decision and report of the referee upon the law.

The case was made up as a bill of exceptions, adapted and designed, I should suppose, to raise simply questions of law, and does not purport to contain all the evidence given before the referee. We therefore cannot review his findings upon the facts.

It seems to me that there is no ground presented in the case to authorize us to interfere with the judgment in this case, and the same should be affirmed.

*Judgment affirmed.*